UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AKEEM L. STAFFORD, | ) CASE NOS. 1:14 CV 2409 |
| | )              1:11 CR 44 |
| Petitioner, | ) |
| | ) |
| vs. | ) JUDGE DAN AARON POLSTER |
| | ) |
| UNITED STATES OF AMERICA, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Respondent. | ) |

This case is before the Court on *Pro Se* Petitioner Akeem L. Stafford's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc #: 1 (hereafter, "Motion" or "§ 2255 Motion").)  Following a jury trial, Akeem Stafford was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 262 months in prison based on his status as an Armed Career Criminal.  His conviction and sentence were affirmed upon appeal.  He now files a § 2255 Motion asserting that his conviction violates the Sixth Amendment of the U.S. Constitution based on ineffective assistance of trial counsel.  For the following reasons, the § 2255 Motion is **DENIED**.

**I.**

As a preliminary matter, the Government contends that the § 2255 Motion should be denied because it is untimely.  Under 28 U.S.C. § 2255(f)(1), "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of: (1) the

date on which the judgment of conviction becomes final. . . . " Id. A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The Supreme Court denied Stafford's petition for writ of certiorari on October 17, 2013. (Case No. 1:11 CR 44, Doc #: 79.)[1] Thus, he had until October 17, 2014 to file his § 2255 motion. However, he did not file the Motion until October 29, 2014. (Doc #: 80.)[2] Stafford has not provided an explanation for why he filed his §2255 Motion after the expiration of the limitations period. Accordingly, the § 2255 Motion is denied as untimely. As set forth below, even if the Motion were timely, the Court would deny the petition on the merits.

## II.

Under 28 U.S.C. § 2255, a prisoner who files a motion challenging a federal conviction or sentence is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." *Smith v. United States*, 438 F.3d 545, 550 (6th Cir. 2003) (citing 28 U.S.C. § 2255(b)). "The hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

Stafford seeks a hearing on the question of whether his trial counsel was constitutionally ineffective. Such claims are guided by the two-element test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Stafford must show that (1) counsel's performance was

---

[1] Hereafter, the citations to the record will be to the criminal case docket, or Case No. 1:11 CR 44.

[2] The Court notes that, while Stafford signed his Motion, he did not date it.

deficient (i.e., his conduct fell outside the wide range of professionally competent assistance), and (2) that counsel's deficient performance prejudiced him (i.e., counsel's errors were so serious as to deprive him of a fair trial).

### A.

First, Stafford contends that trial counsel was ineffective for failing to obtain a forensic expert on the subject of gunshot residue. This argument lacks merit.[3]

The subject of gunshot residue and gunshot-residue experts on the subject was discussed ad nauseam, both verbally and on paper, before and during the trial. The record shows that defense counsel did in fact obtain a forensic expert, and the Court permitted counsel to present his expert at trial. As it turns out, trial counsel *did not need him.* Defense counsel thoroughly and extensively cross-examined the government's gunshot-residue expert and other government witnesses on this subject, getting them to admit to all the problems associated with gunshot-residue evidence – with respect to the collection of this particular evidence and contamination of this type of evidence. Expert testimony on behalf of Stafford would only have been cumulative, and an expert could have fared no better on this subject than trial counsel did. Given the heavy measure of deference the Court is required to apply to counsel's judgment, Stafford cannot show that trial counsel's performance was deficient on this particular basis. *Strickland,* 466 U.S. at 690-91.

---

[3] The Court notes that, on direct appeal, Stafford argued that the district court abused its discretion in admitting gunshot-residue evidence and the related expert testimony of Martin Lewis because they failed to meet the standards of *Daubert* and Rule 702 of the Federal Rules of Evidence. The Sixth Circuit affirmed the Court's ruling that Stafford's arguments went to the weight of the evidence, and not its admissibility.

**B.**

Next, Stafford contends that trial counsel was ineffective for

> fail[ing] to challenge the fact that the prosecution's key witness was inconsistent in his statements. This was the only evidence against the defen[dant]. The victims involved testified on [ ] behalf of the defense claiming to have not witnessed the accused shoot a gun nor see an officer in the vicinity.

(Doc #: 80, at 4.) Stafford has already argued on direct appeal that the evidence in support of his conviction was constitutionally insufficient because the Government's case hinged on one eyewitness, Officer Figula, whose testimony was inconsistent. Stafford's appeal set forth six separate instances of Officer Figula's inconsistencies. *See United States v. Stafford*, 721 F.3d 380, 390 (6th Cir. 2013). The Sixth Circuit noted that Stafford's argument went to the credibility of Officer Figula, and found that the jury heard all the inconsistencies in his testimony. *Id.*, 721 F.3d at 391. In other words, *trial counsel pointed out all those inconsistencies on cross-examination during Stafford's trial*. The Court's independent review of the trial transcript supports this finding. Nonetheless, the Sixth Circuit summarized the direct and circumstantial evidence that supported Stafford's conviction, and concluded that it was constitutionally sufficient. *See id*. at 391-93.

Since trial counsel pointed out the inconsistencies in Officer Figula's testimony, Stafford cannot show that counsel's performance was deficient. And since the Sixth Circuit has ruled that there was sufficient evidence to support Stafford's conviction despite the inconsistencies, Stafford cannot show prejudice. Stafford's attempt to recast the underlying argument in the guise of an ineffectiveness claim fails.

**C.**

Finally, Stafford argues that trial counsel was ineffective for

> failing to retrieve photographs in favor of the defense, which contradicted a prosecution's key witness statement. Photographs were withheld that were taken on the crime scene which showed where the vehicle was struck by bullets in the same area in which that patrolman observing the area was stationed.

(Doc #: 80, at 4.) This argument also lacks merit.

Stafford has failed to identify any photographs that counsel failed to retrieve (i.e., who took them, where they are, or how he knows about them). He also fails to assert, if such photos even exist, how trial counsel's failure to retrieve them was ineffective.

If a photograph existed placing Officer Figula "in the same area" as the victim's vehicle when the shots were fired, then Officer Figula would have had an unimpeded line of sight between the gun's shooter and the car. In any event, Officer Figula testified that he saw Stafford fire his firearm while he was "basically straddling the center line" at "the intersection of Broad Street and Kerstetter Way." (Doc #: 39, at 372-376.) And the victim testified that Stafford was in his car "on Broad Street" about "halfway across Kerstetter Way" when he fired the shots. (Doc #: 40, at 682.) Given that both witnesses placed themselves in the same area, it is unclear how any photograph would have had an effect at trial that benefitted the defense. Because Stafford cannot show that trial counsel was deficient, or even that there photographs exist that show something other than what the two witnesses testified to consistently at trial, he has not ineffectiveness claim.

-5-

### III.

In sum, the § 2255 Motion is denied because it is time-barred. Even if the Motion were not time-barred, however, the Court would deny it on the merits based on the foregoing reasons.

**IT IS SO ORDERED.**

                                  */s/ Dan A. Polster    January 5, 2015*
                                  **Dan Aaron Polster**
                                  **United States District Judge**