# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:11-CR-044 |
| | : | |
| Plaintiff-Respondent, | : | |
| | : | JUDGE DAN A. POLSTER |
| | : | |
| vs. | : | |
| | : | **MOTION FOR RELIEF UNDER** |
| AKEEM STAFFORD, | : | **UNDER 28 U.S.C. § 2255 AND** |
| | : | **JOHNSON V. UNITED STATES** |
| Defendant-Petitioner. | : | |

Now comes the Petitioner, Akeem Stafford, and respectfully requests this Court grant him relief under 28 U.S.C. § 2255. Based on the application of *Johnson v. United States*, 1135 S. Ct. 2551, 2015 WL 2473450 (June 26, 2015), Mr. Stafford's sentence must be vacated and the case set for de novo sentencing. A detailed explanation of the constitutional violation and the relief sought is provided in the attached memorandum.

Respectfully submitted,

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Akeem Stafford

1

**MEMORANDUM**

I.  Introduction

On February 15, 2012, this Court sentenced Mr. Stafford to 262 months of imprisonment. At trial, Mr. Stafford was found guilty of violation of 18 U.S.C. § 922(g)(1). Dkt. 55. At sentencing, Mr. Stafford was found to be an Armed Career Criminal under 18 U.S.C. § 924(e), which escalated his sentencing exposure from to ten years in prison, to fifteen years to life. This Court imposed a sentence of 262 months of imprisonment.

Recently, the Supreme Court decided *Johnson v. United States*, 1135 S. Ct. 2551, 2015 WL 2473450 (June 26, 2015). In *Johnson*, the Supreme Court ruled the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague because it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. The residual clause "leaves grave uncertainty about how to estimate the risk posed by the crime," as well as "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. As a result, imposing an increased sentence under the residual clause of the ACCA violates the guarantee to due process. *Id.* at 2563.

Following *Johnson*, Mr. Stafford's Armed Career Criminal sentence is no longer valid or sustainable. At sentencing, this Court found Mr. Stafford to qualify as an ACCA because he had four qualifying predicates, all of which were State of Ohio offenses: robbery, felonious assault, and two separate aggravated riots. Dkt. 75, p. 2, 30. The aggravated riots were found to be qualifying violent felonies under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B). In light of *Johnson*, these aggravated riots convictions no longer qualify as valid predicates under the ACCA; his sentence

must be vacated and a new sentence is to be imposed under the guidelines, without imposition of the ACCA. Pursuant to 28 U.S.C. § 2255, Mr. Stafford now requests this Court vacate his sentence.

**II.     Mr. Stafford's Motion for Relief under 28 U.S.C. § 2255 is Timely Filed.**

Under 28 U.S.C. 2255(f)(3), the one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." On June 26, 2015, the Supreme Court decided *Johnson v. United States*, which recognized the residual clause of the ACCA violates due process and is unconstitutionally vague. Therefore, Mr. Stafford had one year, or until June 26, 2016, to file for relief under 28 U.S.C. § 2255. Accordingly, the instant motion is filed within the one-year statute of limitations and is timely. Furthermore, undersigned counsel was appointed to represent Mr. Stafford by operation of General Order 2015-11 (N.D.Ohio, August 27, 2015), appointing the Office of the Federal Public Defender to represent all eligible defendants who qualify for post-conviction relief under *Johnson*.

**II.     Mr. Stafford's petition is not a "second or successive petition" and does not require certification or transfer to the Sixth Circuit**

Mr. Stafford previously filed a habeas corpus petition under 28 U.S.C. § 2255. Dkt. 80. Said petition was denied by this Court on January 5, 2015. Dkt. 83. Generally, a defendant who previously filed a § 2255 petition must receive permission from the Sixth Circuit in order to file a "second or successive" § 2255 petition. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). However, the phrase "second or successive" is important and does not automatically mean a defendant's second-in-time petition constitutes a "second or successive" petition. In fact, both the Sixth Circuit and the Supreme Court have held that if a defendant's second-in-time petition does not require certification from the court of appeals if the petition is based on a claim that was unripe at the time of the last petition.

The Honorable Judge James G. Carr recently explained this point in *United States v. Petaway*, Case No. 93-CR-746, 2015 WL 2365456 (N.D.Ohio May 18, 2015). In *Petaway*, Judge Carr explained "not all numerically second motions are 'second or successive.'" *Petaway*, 2015 WL 2365456 at *1 (quoting *In re Smith*, 690 F.3d 809, 810 (6th Cir.2012)). Judge Carr went on to state "a prisoner may file a second § 2255 motion without the court of appeals's permission where 'an event transpired after the initial petition was filed . . . which caused a previously unripe claim to mature factually." *Id.* (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 642 (1998); *In re Salem*, 631 F.3d 809, 813-15 (6th Cir. 2011)). See also *Storey v. Vasbinder*, 2009 WL 1620435 (E.D.Mi June 9, 2009) ("a second-in-time habeas petition is successive as to events that took place before the petitioner filed his first habeas petition.") (citing *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998); *Magwood v. Culliver*, 555 F.3d 968, 976 (11th Cir. 2009); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869, 871 (5th Cir. 2000); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997)).

Following the precedent above, Mr. Stafford's instant petition is not a second or successive petition under 28 U.S.C. § 2244. Mr. Stafford's petition is based solely on the recent opinion by the Supreme Court in *Johnson*. Under *Johnson* alone, Mr. Stafford's avers his sentence is unconstitutional under the due process clause; this claim was unavailable and unripe until June of 2015 when *Johnson* was issued. Thus, he now seeks habeas relief based entirely on a claim, which was unavailable at the time of his previously habeas petition. Accordingly, his petition is not a "second or successive" petition and can properly be heard by this Court.

**III. Two of Mr. Stafford's prior convictions are no longer valid violent felonies under the ACCA and his sentence must now be vacated**

The ACCA, 18 U.S.C. § 924(e), creates an enhanced penalty for criminal defendants who had at least three prior convictions if they were either a serious drug offense or a "violent felony" as

defined by statute. 18 U.S.C. § 924(e). Prior to *Johnson*, a prior conviction may qualify as a "violent felony" in one of three ways, if it:

1) has as an element the use, attempted use or threatened use of physical force against the person of another (referred herein as "crimes involving force");
2) is burglary, arson, or extortion, involves use of explosives (referred herein as "enumerated crimes"); or
3) otherwise involves conduct that presents a serious potential risk of physical injury to another ("the residual clause").

18 U.S.C. § 924(e)(2)(B). In light of *Johnson*, a statute can only be a violent felony if it falls under categories one or two, and any convictions under category three, the residual clause, are no longer valid predicates for the ACCA.

At Mr. Stafford's sentencing in 2012, this Court found he had four qualifying convictions under the ACCA, which are as follows:

1. Felonious Assault, Ohio Revised Code §§ 2903.11, Case No. 02-CR-061953, Lorain County Common Pleas Court. Sentenced on September 30, 2003 (at age 16).
2. Robbery, Ohio Revised Code § 2911.02, Case No. 02-CR-061953, Lorain County Common Pleas Court. Sentenced on September 30, 2003 (at age 16).
3. Aggravated Riot, Ohio Revised Code § 2917.02, Case No. 03-CR-063910, Summit County Common Pleas Court. Sentenced on January 23, 2004 (at age 17).
4. Aggravated Riot, Ohio Revised Code § 2917.02, Case No. 05-CR-068212, Lorain County Common Pleas Court. Sentenced on October 28, 2005 (at age 19).

See Presentence Report, ¶¶ 41, 42, 43.

Two of these convictions, however, are no longer qualifying predicates under the ACCA – the two aggravated riot charges. At Mr. Stafford's sentencing hearing, the parties vigorously debated whether these aggravated riot convictions were valid predicates under the ACCA. Specifically, the government and the defense argued whether Ohio's aggravated riot statute, Ohio Revised Code § 2917.02, qualified as a "violent felony" under the residual clause of the ACCA. The government explicitly claimed the statute came under the ACCA's residual clause. Dkt. 75, p. 5. In implementing

5

the categorical approach, this Court found the convictions did qualify as ACCA predicates. Dkt. 75, p. 6. As a result, Mr. Stafford was found to be an Armed Career Criminal, escalating his sentencing guideline range to 262 to 327 months, as total offense level 34, Criminal History Category VI. Dkt. 75, p. 15. This Court imposed a sentence of 262 months. Dkt. 75, p. 32.

On appeal, the Sixth Circuit affirmed Mr. Stafford's conviction and sentence. *United States v. Stafford*, 721, F.3d 380 (6th Cir. 2013). One of the appellate issues raised by Mr. Stafford was whether the aggravated riot convictions were valid ACCA predicates. *Stafford*, 721 F.3d at 396. The Sixth Circuit, in utilizing the modified categorical approach, found Ohio's aggravated riot statute qualified as a "violent felony" under the ACCA's residual clause. *Id.* at 397. The Court specifically stated Ohio's aggravated riot fell under the breadth of the residual clause as it "presents a serious potential risk of physical injury to another." *Id.* at 398; *see also id.* at 399 ("The statute itself contemplates a risk of physical injury to others"). The Sixth Circuit also predicated its ruling on the unpublished decision *United States v. Sanders*, 301 F. App'x 503, 506 (6th Cir. 2008), which held Ohio's aggravated riot statute was a "crime of violence" under the residual clause of the career offender provision.

Therefore, both this Court and the Sixth Circuit found, pre-*Johnson*, that Mr. Stafford's two aggravated riot convictions were a qualifying conviction under the residual clause of the ACCA. Following *Johnson*, these two convictions can no longer qualify as valid ACCA predicates. As a result, Mr. Stafford does not have three qualifying predicates under the ACCA and his current sentence must be vacated and a de novo sentencing hearing be ordered.

**III. Conclusion**

This ground for habeas relief reflects a constitutional error in the proceedings relating to the imposition of the Armed Career Criminal Act at sentencing. This error concerns Mr. Stafford's constitutional rights, which had a substantial and injurious effect on the proceedings and allow him to obtain relief under 28 U.S.C. § 2255. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

        Respectfully submitted,

        */s/ Jeffrey B. Lazarus*
        JEFFREY B. LAZARUS
        1Assistant Federal Public Defender
        1660 W. 2nd Street, Suite 750
        Cleveland, Ohio 44113
        Telephone: (216) 522-4856
        Facsimile: (216) 522-4321
        jeffrey_lazarus@fd.org

        Attorney for Akeem Stafford

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2015, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        */s/ Jeffrey B. Lazarus*
        JEFFREY B. LAZARUS
        Assistant Federal Public Defender